KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JOSE MANUEL DIAZ-LOERA,<br><br>Defendant. | Criminal Case No. 07CR080054-IEG<br><br>**GOVERNMENT'S MOTION FOR:**<br><br>**(1) FINGERPRINT EXEMPLARS**<br>**(2) RECIPROCAL DISCOVERY**<br><br>**TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 25, 2008<br>Time: 2:00 p.m.<br>Court: The Hon. Irma E. Gonzalez |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

/ /

/ /

/ /

# I

# STATEMENT OF THE CASE

On January 9, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Jose Manuel Diaz-Loera ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On January 10, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

# II

# STATEMENT OF FACTS

## A. Defendant's Apprehension

On December 13, 2007, Senior Border Patrol Agent Ramos was patrolling an area near Tecate, California known as "Mission Road." Mission Road is about one mile west of the Tecate Port of Entry and one mile north of the border. At about 6:00 a.m., Agent Ramos responded to a report of two individuals walking north in a creek from the border. The two individuals attempted to conceal themselves in the thick vegetation. Agent Ramos located the individuals and identified himself. During an immigration interview, both individuals, including the man later identified as Defendant, admitted they were citizens of Mexico and they did not have immigration documents. Defendant was arrested and transported to the Brown Field station.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. At about 11:21 a.m., Defendant was advised that his administrative rights no longer applied to him because he was going to be charged criminally for reentering the United States after deportation. Defendant was then advised of his Miranda rights in the Spanish language. Defendant elected to invoke his right to counsel and all questioning ceased.

## B. Defendant's Criminal History

On September 25, 2006 and November 12, 2003, Defendant was convicted of being a deported alien found in the United States and was sentenced to 18 months and 21 months, respectively. Defendant was on supervised release at the time of his arrest in the pending matter.

On November 9, 2005, Defendant was convicted of multiple misdemeanors including Domestic Violence in Presence of a Child and was sentenced to 180 days jail. On June 20, 2005, Defendant was convicted in Utah of violating a protective order and was sentenced to 365 days in jail.

On May 10, 2001, January 11, 1999, February 6, 1997 and August 7, 1995 Defendant was convicted of DUIs and received sentences of 365 days, 6 months, 180 days, and 103 days respectively. Defendant was also convicted on February 22, 1994 for possession of drug paraphernalia and was sentenced to one year probation.

By the Government's calculation, Defendant is a criminal history category VI.

**C. Defendant's Immigration History**

Defendant was deported by an immigration judge on February 24, 2005. Defendant was most recently removed from the United States on November 10, 2007. Defendant was also deported by an immigration judge on March 8, 2002.

## III

## UNITED STATES' MOTIONS

**A. FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

**B. RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 66 pages of discovery, one DVD and two audio tapes. The Government has already allowed defense counsel to Defendant's A-File and will be

producing documents related to that A-file viewing shortly. The Government has also provided counsel with the audiotapes from Defendant's hearing before an Immigration Judge. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

**IV**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions be granted.

DATED: February 14, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ ***Nicole Acton Jones***
NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOSE MANUEL DIAZ-LOERA, Defendant. | ) | Criminal Case No. 08CR0054-IEG<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Kris Kraus, Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2008.

/s/ ***Nicole Acton Jones***
NICOLE ACTON JONES
Assistant U.S. Attorney