KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JOSE MANUEL DIAZ-LOERA,<br><br>Defendant. | Criminal Case No. 08CR0054-IEG<br><br>**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:**<br><br>**(1) COMPEL DISCOVERY;**<br>**(2) PRESERVE EVIDENCE;**<br>**(3) GRANT LEAVE TO FILE FURTHER MOTIONS**<br><br>**TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 25, 2008<br>Time: 2:00 p.m.<br>Court: The Hon. Irma E. Gonzalez |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's Motion To Compel Discovery, Preserve Evidence and Grant Leave to File Further Motions in the above-referenced case. Said response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

I

## STATEMENT OF THE CASE

On January 9, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Jose Manuel Diaz-Loera ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On January 10, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

## STATEMENT OF FACTS

### A. Defendant's Apprehension

On December 13, 2007, Senior Border Patrol Agent Ramos was patrolling an area near Tecate, California known as "Mission Road." Mission Road is about one mile west of the Tecate Port of Entry and one mile north of the border. At about 6:00 a.m., Agent Ramos responded to a report of two individuals walking north in a creek from the border. The two individuals attempted to conceal themselves in the thick vegetation. Agent Ramos located the individuals and identified himself. During an immigration interview, both individuals, including the man later identified as Defendant, admitted they were citizens of Mexico and they did not have immigration documents. Defendant was arrested and transported to the Brown Field station.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. At about 11:21 a.m., Defendant was advised that his administrative rights no longer applied to him because he was going to be charged criminally for reentering the United States after deportation. Defendant was then advised of his Miranda rights in the Spanish language. Defendant elected to invoke his right to counsel and all questioning ceased.

### B. Defendant's Criminal History

On September 25, 2006 and November 12, 2003, Defendant was convicted of being a deported alien found in the United States and was sentenced to 18 months and 21 months, respectively. Defendant was on supervised release at the time of his arrest in the pending matter.

On November 9, 2005, Defendant was convicted of multiple misdemeanors including Domestic Violence in Presence of a Child and was sentenced to 180 days jail. On June 20, 2005, Defendant was convicted in Utah of violating a protective order and was sentenced to 365 days in jail.

On May 10, 2001, January 11, 1999, February 6, 1997 and August 7, 1995 Defendant was convicted of DUIs and received sentences of 365 days, 6 months, 180 days, and 103 days respectively. Defendant was also convicted on February 22, 1994 for possession of drug paraphernalia and was sentenced to one year probation.

By the Government's calculation, Defendant is a criminal history category VI.

**C. Defendant's Immigration History**

Defendant was deported by an immigration judge on February 24, 2005. Defendant was most recently removed from the United States on November 10, 2007. Defendant was also deported by an immigration judge on March 8, 2002.

## III

## DEFENDANT'S MOTIONS

### A. MOTION TO COMPEL DISCOVERY

#### 1. Discovery in this Matter is Current

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 66 pages of discovery, one DVD and two audio tapes. The Government has already allowed defense counsel to view Defendant's A-File and will be producing documents related to that A-file viewing shortly. The Government has also provided counsel with the audiotapes from Defendant's hearing before an Immigration Judge. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. As of the date of this filing, the Government has received no reciprocal discovery.

#### 2. The Government Has and Will Continue to Comply With Its Discovery Obligations

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. As

set forth above, the Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

The United States has provided information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

Defendant has specifically requested copies of any dispatch tapes related to Defendant's apprehension. The Government has asked Border Patrol to conduct an inquiry into whether any such tapes exist. If tapes exist, the Government will produce them.

To the extent Defendant requests any other specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

**3. The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision.**

***a. Impeachment Evidence***

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government, however, strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance,

or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision. [Memorandum at 6.] Nor is Defendant entitled to evidence that a prospective witness has ever engaged in a criminal act or is under criminal investigation by federal, state, or local authorities. [Memorandum at 6.] The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

***b. Witness Lists***

While the Government will supply a tentative witness list with its trial memorandum, it vigorously objects to providing home addresses. See United States v. Steele, 785 F.2d 743, 750 (9th Cir. 1986); United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). The Government also objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a United States witness. [Memorandum at 6.] "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)).

***c. Grand Jury Transcripts***

Defendant has requested "grand jury transcripts that are relevant to Mr. Diaz-Loera's motion to dismiss the indictment." [Memorandum at 7.] Defendant, however, has not filed a motion to dismiss the indictment. Nor has Defendant specified which grand jury transcripts might be relevant to such a motion and why. In any case, defense counsel has access to the transcripts reflecting the jury instructions and voir dire of the grand jury who returned the Indictment in this case. To the extent Defendant is requesting the grand jury transcripts upon which his Indictment was based, the Government objects. The need for grand jury secrecy remains paramount unless the defendant can show "a particularized need" that outweighs the policy of grand jury secrecy. United States v. Walczak, 783 F.2d 852, 857 (9th

Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). Defendant has not shown the particularized need that is required to justify disclosure of grand jury transcripts.

***d. Personnel Records of Government Officers Involved in the Arrest***

The Government objects to Defendant's request that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call the inspectors, officers, and special agents to testify. As previously noted, the Government will comply with Henthorn and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

***e. Training of Law Enforcement Officers***

The Government strenuously objects to providing Defendant a copy of all training manuals, handbooks, or other materials used by the law enforcement agencies involved in this case. [Memorandum at 8-9.] The requested documents are irrelevant and do not fall within the scope of Rule 16, or any other statutory or Constitutional disclosure provision. Even if one or more of the officers or special agents violated his or her own administrative regulations, guidelines, or procedures, such violations would not result in the exclusion of evidence if Defendant's Constitutional and statutory rights were not violated in this case. United States v. Caceres, 440 U.S. 741, 744 (1979); United States v. Hinton, 222 F.3d 664 (9th Cir. 2000).

***f. All Agents in the Field***

Defendant requests the name and contact information for each of the agents in the field at the time of the arrest. [Memorandum at 9.] The names of the agents involved in Defendant's apprehension are included in the discovery that has already been produced. To the extent Defendant is requesting the name of every agent working at the time Defendant was arrested, without regard to whether the agent participated in Defendant's apprehension, the Government objects to such request as being overbroad. The names of agents who were not involved in Defendant's apprehension are irrelevant and such disclosure is not required by Rule 16, or any other statutory or Constitutional disclosure provision.

**B. <u>MOTION FOR PRESERVATION OF EVIDENCE</u>**

The Government does not object to Defendant's request to preserve evidence in this case. The Government notes, however, that Defendant has also requested "any material or percipient witnesses who might be deported or otherwise likely to become unavailable." [Memorandum at 10.] The Government did not retain any material witnesses in this case. Defendant was found hiding in the bushes with one other person. That individual has since been removed from the United States in accordance with standard Border Patrol procedures; therefore, Defendant's request to retain that witness is moot.

**C. <u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>**

The Government does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

**IV**

**<u>CONCLUSION</u>**

For the foregoing reasons, the Government respectfully requests that Defendant's motions be denied.

DATED: February 15, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ ***Nicole Acton Jones***
NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOSE MANUEL DIAZ-LOERA, Defendant. | ) | Criminal Case No. 08CR0054-IEG<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Kris Kraus, Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 15, 2008.

/s/ ***Nicole Acton Jones***
NICOLE ACTON JONES
Assistant U.S. Attorney